```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

DICK DENNIS SHELBY, :
: 
:    NO. 1:10-CV-00316
     Plaintiff, :
:
  v. :    **OPINION AND ORDER**
:
:
COMMISSIONER OF SOCIAL :
SECURITY, :
:
     Defendant. :

     This matter is before the Court on the Magistrate Judge's May 12, 2011 Report and Recommendation (doc. 13), and Plaintiff's Objections (doc. 14). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation and DISMISSES this case from the Court's docket.

**I. Background**

     Plaintiff first sought disability insurance benefits ("DIB") and Social Security Insurance ("SSI") in 2006 based on arthritis in his feet and ankles and back pain (doc. 5). Plaintiff's application for SSI was granted after he was found disabled under grid Rule 201.02; however Plaintiff's application for DIB was denied initially and upon reconsideration (doc. 13). Plaintiff requested and was granted a de novo hearing before an administrative law judge ("ALJ") (Id.).

     On September 30, 2008, the ALJ issued a decision denying Plaintiff's DIB application (doc. 5). The ALJ determined that

Plaintiff last met requirements for DIB on September 30, 2005, and further that Plaintiff suffers from no medically determinable impairment through the date last insured (Id.).  The ALJ additionally determined that as of the date Plaintiff's insured status lapsed, Plaintiff did not have proof of an impairment or combination of impairments that significantly limited his ability to perform basic work-related activities for twelve consecutive months, and therefore Plaintiff did not have a severe impairment or combination of impairments (Id.).  In conclusion, the ALJ found that Plaintiff was not under a disability at any time from June 1, 2005, the alleged onset date according to the amended application, through September 30, 2005, the date Plaintiff was last insured (Id.).

Plaintiff then filed a request for review by the Appeals Council, which was denied (Id.).  The decision of the ALJ thus became the final administrative decision of the Commissioner (Id.).  Plaintiff then sought review by this Court.

**II. Discussion**

The Court reviews this matter de novo because Plaintiff filed objections to the Magistrate Judge's Report and Recommendation.  Fed. R. Civ. P. 72(b).  Rule 72(b) states that "[t]he district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which

2

specific written objection has been made in accordance with this rule." Id.  The Rule further indicates that "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.

Judicial review of the Commissioner's decision, being that of the ALJ in this case, is limited to determining whether there is substantial evidence in the record to support the factual findings.  42 U.S.C. § 405(g); Smith v. Sec'y of Health & Human Servs., 893 F.2d 106, 108 (6th Cir. 1989).  "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993).

The claimant has the burden of proving by sufficient evidence that he is entitled to DIB.  20 C.F.R. § 404.1512(a).  To show that claimant is an "eligible individual" entitled to DIB, he must be disabled.  42 U.S.C. § 1382(a).

**A.    The Magistrate Judge's Report and Recommendation (doc. 13)**

In the Report and Recommendation the Magistrate Judge reviewed the record, determining that the Plaintiff was required to establish that he was disabled on or before his insured status expired for DIB purposes, September 30, 2005 (doc. 13).  The Magistrate Judge further determined that while Plaintiff was not

3

required to prove he was disabled for a full twelve months prior to the expiration of insured status, he was required to show that the onset of the disability occurred prior to the expiration of insured status and that the disability lasted for a continuous period of twelve months(Id.). The Magistrate Judge determined that Plaintiff had not met the requirements to receive DIB (Id.).

Plaintiff alleged three assignments of error based on the ALJ's decision. First, Plaintiff contended that the ALJ erred by failing to find that he suffered from a severe impairment from the alleged onset date, June 1, 2005, through the last date of insured status, September 30, 2005 (Id.). Plaintiff also alleged that the ALJ erred by violating Social Security Ruling 83-20 (1983) in establishing the onset date of the disability (Id.). Finally, Plaintiff claimed the ALJ failed to find his allegations of disabling back pain entirely credible (Id.).

The Magistrate Judge rejected Plaintiff's argument concerning the failure of the ALJ to find Plaintiff was disabled during the last three months of insured status (Id.). The Magistrate Judge found that there was substantial evidence to support the ALJ's finding, including the objective medical record as well as the opinion of the reviewing state agency physician, Dr. Freihofner (Id., doc. 5).

The Magistrate Judge also rejected Plaintiff's argument that the ALJ erred in determining Plaintiff's onset date of

disability (doc. 13). The Magistrate Judge noted that the onset date used should be the one alleged by Plaintiff if it is consistent with the available evidence (Id.). However, as presented, the Magistrate Judge determined that the available evidence did not support Plaintiff's alleged onset date, and consequently there was no error on the part of the ALJ (Id.).

The Magistrate Judge further rejected the last argument offered by the Plaintiff (Id.). According to established rules and precedent, it is the purview of the ALJ to evaluate the credibility of witnesses, including the claimant (Id.). The ALJ considered Plaintiff's testimony and determined that his testimony regarding his pain and resulting limitations was credible (doc. 5). However, the ALJ also found that there was not medical evidence to support a justified finding that there was a medically determinable impairment through the date last insured, which finding the Magistrate Judge deferred to based on the ALJ's proper consideration of the record (doc. 13).

**B. Plaintiff's Objections (doc. 14)**

In his Objections, Plaintiff reiterates his objections to the decision of the ALJ. Specifically, Plaintiff objects on the grounds that: (1) the Magistrate Judge erred in affirming the ALJ's determination of the onset date; (2) the Magistrate Judge erred in affirming the ALJ's finding of a non-severe impairment; and (3) the Magistrate Judge erred in deferring to the ALJ's credibility

determination (doc. 14).

**III. Conclusion**

Having reviewed and considered this matter de novo, the Court reaches the same conclusions as the Magistrate Judge. Plaintiff's objections to the Magistrate Judge's Report and Recommendation are reiterations of his assignments of error to the ALJ's decision. For the reasons set forth in the Magistrate Judge's Report rejecting Plaintiff's assignments of error, the Court similarly rejects Plaintiff's objections to the Magistrate Judge's Report. Indeed, the Court finds the Magistrate Judge's Report and Recommendation thorough, well-reasoned, and correct.

Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 13) in all respects, and DISMISSES this case WITH PREJUDICE from the Court's docket.

SO ORDERED.

Date: July 28, 2011         /s/ S. Arthur Spiegel
                            S. Arthur Spiegel
                            United States Senior District Judge